United States District Court
Southern District of Texas
FILED

JUL 1 4 2003

**Michael N. Milby
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAYMUNDO MENDIETA and | § | |
| JOSE REYES | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CASE NO. **B-03-123** |
| | § | |
| CITY OF HARLINGEN, et. al. | § | |
| Defendants | § | |

---

### DEFENDANTS' NOTICE OF REMOVAL

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants City of Harlingen and Jorge Salinas, and files their Defendants'
Notice of Removal, and would show the Court as follows:

I.

On June 17, 2003, Plaintiffs Mendieta and Reyes filed a suit against Defendants for personal
injuries and deprivation of federal civil liberties in the 103rd District Court of Cameron County,
Texas. Defendants were served June 20, 2003.

II.

Federal jurisdiction removal jurisdiction is appropriate because this action is one over which
this court has jurisdiction under 28 U.S.C. § 1331, as amended, and is one which may be removed
to this court by Defendants under 28 U.S.C. § 1441. It is a civil action raising a federal claim against
Defendants. Therefore, this court would have jurisdiction under 28 U.S.C. §1331. The court has
supplemental jurisdiction over the state tort claims under 28 U.S.C. §1367.

III.

---

True copies of all documents required by Local Rule 81 are attached in the Appendix.

IV.

Notice of this removal has been provided to the state district court where this suit originated, and notice has also been provided to Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Defendants City of Harlingen and Jorge Salinas pray that this action now pending against it in the 103rd District Court of Cameron County, Texas be removed therefrom to this Court and for any further relief to which Defendants are entitled.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

By:_____
TOM LOCKHART
State Bar No. 12473500
Fed. I.D. No. 2257
ROGER W. HUGHES
State Bar No. 10229500
Fed. I.D. No. 5950

Attorneys for *Defendants* CITY OF HARLINGEN AND JORGE SALINAS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 14 day of July 2003, to the following counsel of record and interested parties:

Attorney for Plaintiffs, Raymundo Mendieta and Jose Reyes:

Mr. Jerry J. Trevino                    *CM/RRR 7002 2410 0002 3598 0607*
**LAW OFFICES OF JERRY J. TREVINO, P.C.**
1125 South Port Avenue
Corpus Christi, TX 78405

_____
TOM LOCKHART

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAYMUNDO MENDIETA and | § | |
| JOSE REYES | § | |
| Plaintiff | § | **B-03-123** |
| | § | |
| V. | § | CASE NO._____ |
| | § | |
| CITY OF HARLINGEN, et. al. | § | |
| Defendants | § | |

---

### LIST OF ALL COUNSEL OF RECORD

---

Attorneys of record for Plaintiffs, Raymundo Mendieta and Jose Reyes:

> Mr. Jerry J. Trevino
> **LAW OFFICES OF JERRY J. TREVINO, P.C.**
> 1125 South Port Avenue
> Corpus Christi, TX 78405

Counsel of Record for Defendants City of Harlingen and Jorge Salinas:

> Tom Lockhart
> Roger W. Hughes
> **ADAMS & GRAHAM, L.L.P.**
> P. O. Drawer 1429
> Harlingen, Texas 78551-1429

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone: 956/428-7495
Facsimile: 956/428-2954

By: _____

TOM LOCKHART
State Bar No. 12473500
Fed. I.D. No. 2257

ROGER W. HUGHES
State Bar No. 10229500
Fed. I.D. No. 5950

Attorneys for Defendants CITY OF HARLINGEN AND
JORGE SALINAS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 14th day of July 2003, to the following counsel of record and interested parties:

Attorney for Plaintiffs, Raymundo Mendieta and Jose Reyes :

Mr. Jerry J. Trevino                          *CM/RRR 7002 2410 0002 3598 0607*
**LAW OFFICES OF JERRY J. TREVINO, P.C.**
1125 South Port Avenue
Corpus Christi, TX 78405

_____
TOM LOCKHART

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAYMUNDO MENDIETA and | § | |
| JOSE REYES | § | |
| Plaintiff | § | **B-03-123** |
| | § | |
| V. | § | CASE NO._____ |
| | § | |
| CITY OF HARLINGEN, et. al. | § | |
| Defendants | § | |

---

### INDEX OF MATTERS BEING FILED

---

A.    Correspondence to the U.S. District Court Clerk

B.    Index of Matters Being Filed

C.    Adversary Proceeding Cover Sheet

D.    List of All Counsel of Record

    <u>Exhibit "B"</u>

1.    Docket Sheet

2.    Plaintiffs' Original Petition

3.    Citations

4.    Defendant City of Harlingen's Answer

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone: 956/428-7495
Facsimile: 956/428-2954

---

By: _____
TOM LOCKHART
State Bar No. 12473500
Fed. I.D. No. 2257
ROGER W. HUGHES
State Bar No. 10229500
Fed. I.D. No. 5950

Attorneys for *Defendants*, CITY OF HARLINGEN AND
JORGE SALINAS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document

was forwarded on this 14 day of July 2003, to the following counsel of record and interested

parties:

═══════════════════════════════════════════════════════════

Attorney for Plaintiffs :

Mr. Jerry J. Trevino                    *CM/RRR 7002 2410 0002 3598 0607*
**LAW OFFICES OF JERRY J. TREVINO, P.C.**
1125 South Port Avenue
Corpus Christi, TX 78405

_____
TOM LOCKHART

TE 07/10/03
ME 10:59 AM

RAYMUNDO MENDIETA AND JOSE REYES

VS

CITY OF HARLINGEN, TEXAS, ET AL.

*    *    *    *    C L E R K ' S    E N T R I E S    *    *    *    *

00505101
JERRY J. TREVINO
1125 SOUTH PORT AVENUE
CORPUS CHRISTI, TEXAS  78405 0000

(10)                                DAMAGES                    06            2003-C

06/17/03  ORIGINAL PETITION FILED
06/18/03  CITATION (CM): CITY OF HARLIN
06/18/03     SERVED: 06/20/03       FILE
06/18/03  CITATION (CM): JORGE SALINAS
06/18/03     SERVED: 06/20/03       FILE

07/07/2003 13:39 FAX
JUL 07 '03 01:40PM



CAUSE NO. _2003-06-3092-D_

RAYMUNDO MENDIETA                §          IN THE DISTRICT COURT
AND JOSE REYES                          §
                                                    §
VS.                                              §
                                                    §
                                                    §
CITY OF HARLINGEN, TEXAS,      §
JORGE SALINAS AND OTHER       §
UNKNOWN OFFICERS, INDIVIDUALLY §
AND IN THEIR OFFICIAL CAPACITY   §          CAMERON COUNTY, TEXAS

**JUN 17 2003**
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Raymundo Mendieta and Jose Reyes, Plaintiffs complaining of

Defendants, City of Harlingen Texas, Jorge Salinas and Other Unknown Officers,

Individually and In Their Official Capacity for cause of action shows:

### PARTIES

Plaintiffs are individuals over the age of eighteen (18) years residing in Cameron

County, Texas and at all times relevant to the allegations of this complaint were

residents of Cameron County and citizens of the United States.

Defendant, Jorge Salinas, badge #3213 (hereinafter "Salinas") is an individual

over the age of eighteen (18) years residing in Cameron County, and may be served

with process herein by serving him at his place of employment located at Harlingen

Police Department, 1102 S. Commerce, Harlingen, Texas 78550. At all relevant times,

he was acting together with the other unnamed officers, in such capacity as the agent,

servant and employee of Defendant City. They are sued individually and in their official

capacity.

Petition.Original
Page 1

07/07/2003 13:39 FAX                                                    006/017

JUL 07 '03  01:40PM

Defendant, City of Harlingen, Texas, (hereinafter "City"); is a political subdivision organized under the laws of the State of Texas situated in Cameron County and at all times mentioned herein employer of the individual Defendant Jorge Salinas and other officers and may be served with process herein by serving the City Manager, Roy Rodriguez, at 118 E. Tyler, Harlingen, Cameron County, Texas 78550.

## JURISDICTION

Jurisdiction over this action exists by reason of the Fourth and Fourteenth Amendments to the Constitution of the United States, and by virtue of this Court's concurrent jurisdiction with the federal courts in claims arising under 42 U.S.C. § 1983 and § 1988 pursuant to Thomas v. Allen, 837 S.W.2d 631 (Tex. 1992). Jurisdiction of this cause of action is also invoked pursuant to the common and statutory law of the State of Texas, including under Tex.Civ.Prac. & Rem. Code Ann. § 101.021. All of the acts and omissions complained of herein occurred within the jurisdictional limits of this Court.

## VENUE

Venue is proper under Tex.Civ.Prac.&Rem. Code Ann. § 15.002 in that all of the alleged incidents in this case occurred in Cameron County and all parties reside in Cameron County.

## DISCOVERY LEVEL

Plaintiff will conduct discovery in this case of action under level two (2) of the discovery rule of the Texas Rules of Civil Procedures.

Petition.Original
Page 2

## INTRODUCTION

Plaintiffs, Raymundo Mendieta and Jose Reyes, complain of Defendants in a cause of action for damages. Plaintiffs allege that while being detained in the custody of Defendant City, the Defendant officers named herein, used unreasonable, unnecessary and excessive force, and thereby committed an assault and battery against Plaintiffs in violation of Plaintiffs' Constitutional Rights, which also constitutes an action under common and state law. Further, the Defendant officers named herein were improperly trained, supervised and discipline and thereby encouraged by their respective Defendant employer in violation of Plaintiffs' Constitutional Rights. Also, Plaintiffs assert that the Defendant City is liable for said use of excessive force due to Defendant City's custom and practice of not adequately investigating private citizens' complaints of excessive use of force their respective Defendant officers and thereby condoning and permitting the Defendant Officer's use of excessive force on arrestees in violation of Plaintiffs' Constitutional Rights. Lastly, Plaintiffs assert that the acts and omissions stated herein constitute an action under the Texas Tort Claims Act against the City for the negligent use and misuse of tangible property.

## FACTS

On or about June 17, 2001, Plaintiffs were at "Doc's" a public establishment located at 216 E. Carey, Harlingen, Cameron County, Texas. The Plaintiffs as they were leaving the establishment and walking toward their automobile were detained, assaulted and arrested without probable cause by officers of the Defendant City, including but not limited to, Defendant Salinas. The Defendant Officers in arresting Plaintiffs used excessive and unreasonable force by pushing, striking and causing

07/07/2003 13:40 FAX                                                    ☒008/017
JUL 07 '03  01:41PM

physical injuries to their entire bodies.  The Defendant Officers also in arresting the

Plaintiffs and while acting within their scope of employment with Defendant City were

negligent in the use of their handcuffs on Plaintiffs and said negligence was the

proximate cause of the injuries sustained by Plaintiffs.

## FEDERAL CAUSE OF ACTION AGAINST
## DEFENDANT CITY

Prior to, Defendant City permitted, encouraged, tolerated and ratified a pattern

and practice of unjustified, unreasonable, and illegal use of excessive force by its

officers, including Defendants Jorge Salinas and the other unknown officers, in that:

a.  Defendant City failed to discipline, prosecute or properly deal with known
    incidents of wrongful use of excessive force by its police officers;

b.  Defendant City refused to investigate complaints of previous incidents of
    wrongful use of excessive force, and instead, officially claimed that such
    incidents were justified and proper;

c.  By means of Defendant City's inaction and cover-up of such wrongful use
    of excessive force described above by its officers, Defendant City
    encouraged its employees, including its employees named herein, to
    believe that improper use of excessive force on civilians, including Plaintiff
    were permissible;

d.  Defendant City has maintained an inadequate system of review of
    excessive use of force incidents, which system has failed to identify
    instances of improper use of excessive force or to discipline, more closely
    supervise, or retain officers who in fact improperly used such excessive
    use of force.  On information and belief, the systemic deficiencies include
    but are not limited to:

    1.  preparation of investigative reports designed to vindicate the use of
        excessive use of force, regardless of whether such actions were
        justified.

    2.  preparation of investigative reports which uncritically rely solely on
        the word of police officers involved in the incidents and which
        systematically fail to credit testimony by non-police officer
        witnesses.

    3.  preparation of investigative reports which omit factual information
        and physical evidence which contradicts the accounts of the officers
        involved.

06/20/03  FRI 16:06  [TX/RX NO 9734]

07/07/2003 13:41 FAX                                                      ☑009/017

4.  failure to review investigative reports by responsible superior officer for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradict such evidence.

e.  Defendant City failed in its responsibility, to adequately train, supervise, discipline or in any other way control the behavior of the Defendants officers and in the exercise of it's police functions, and failed in it's responsibility to enforce the laws of the State of Texas and it's regulations and policies, even after it had prior notice of other incidents of vicious propensities of other employees.

The foregoing acts, omissions, and systemic deficiencies are policies and customs of Defendant City and such caused Defendant Salinas and other unknown officers to be unaware of the rules and laws governing permissible use of excessive force and to believe that excessive use of force are entirely within their discretion and that improper use of excessive force would not be honestly and properly investigated, all with the foreseeable result Defendant City's officers are more likely to use excessive force in situation where such force is neither necessary, reasonable nor legal.

As a direct and proximate result of the aforesaid Defendant City's acts, omissions, systemic deficiencies, policies and customs, Defendant police officers used excessive force on Plaintiffs.

Further, the above described actions and omission were engaged under color of state authority by the Defendant City, sued as a person, and responsible because of its authorization, condonation, and ratification thereof for the acts of its agents, which deprived Plaintiffs of their rights secured to them by the Constitution of the United States, including, but not limited to, their Fourth Amendment and Fourteenth Amendment right to be free from unlawful seizure of their person.

Petition.Original
Page 5

07/07/2003 13:41 FAX
06/20/2003 15:54
JUL 07 '03  01:42PM
☒010/017

## STATE CAUSE OF ACTION AGAINST DEFENDANT CITY

Further, Defendant City's acts and omission as stated in the above paragraphs by Defendant Salinas and other officers as describe herein also constitutes the misuse of tangible property, in particular, the negligent misuse of the handcuffs that was the proximate cause of Plaintiffs' injuries, under Chapter 101 of the Texas Civil Practice & Remedies Code a/k/a Texas Tort Claims Act. Therefore, Plaintiffs bring an action against said Defendants pursuant to the Texas Tort Claims Act which abolished sovereign immunity to the extent of liability thereby created and Defendant City is deemed to have waived its sovereign immunity accordingly.

## FEDERAL CAUSE OF ACTION AGAINST DEFENDANT JORGE SALINAS

Defendants Jorge Salinas and other unknown officers intentionally and/or with willful or reckless disregard for the rights of Plaintiffs caused them severe injuries as a result of using force that was clearly excessive at the time stated herein and of which the excessiveness was objectively unreasonable. . A police officer may not seize an unarmed, non-dangerous arrestee by using clearly excessive force. Plaintiffs were unarmed, and posed no threat of bodily harm to Defendants or any other citizen.

The above described Defendants actions and omission were engaged in under color of state authority by the said Defendants deprived the Plaintiffs of rights secured to them by the Constitution of the United States, including, but not limited to, their Fourth Amendment and Fourteenth Amendment right to be free from unlawful seizure of their person.

06/20/03  FRI 18:06  [TX/RX NO 9734]

## STATE CLAIMS AGAINST DEFENDANTS
## JORGE SALINAS AND OTHER UNKNOWN OFFICERS

In addition to the federal claims set out above, Defendants' Salinas and other unknown police officers acts and conduct herein alleged constitute under common law and state law assault, battery and intentional infliction of emotional distress. Plaintiffs sue the individual Defendants individually and severally for the same compensatory and exemplary damages under said common law claims as they have sought pursuant to their federal claims.

## DEFENDANTS' COURSE AND SCOPE OF EMPLOYMENT

At all times material hereto, all of the agents, servants, and employees for the Defendant City who were in any way connected with the occurrence in this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment.

## DAMAGES

As a direct and proximate result of Defendants' acts and omission stated herein, Plaintiffs have suffered severe and painful injuries to their body, including wrists and hands. Plaintiffs have incurred substantial, reasonable, and necessary doctor, and medical expenses, and in reasonable medical probability will incur substantial doctor, hospital and medical expenses in the future. Plaintiffs have suffered severe physical impairment and loss of earning capacity, and will continue to do so in the future. Plaintiffs have sustained much humiliation, physical pain and suffering and will continue to suffer in this respect for the balance of their natural life. Plaintiffs have been damaged in all these respects an amount that exceeds the minimum jurisdictional limits of the Court.

Petition_Original
Page 7

07/07/2003 13:42 FAX
JUL 07 '03 01:43PM

## EXEMPLARY DAMAGES

Additionally, Defendants' acts were committed either intentionally or with heedless and reckless disregard for the rights, safety and well being of Plaintiffs. Therefore, the individual Defendants are liable to Plaintiffs for exemplary damages.

## NOTICE

Prior to the filing of this lawsuit and within six months from the date of the occurrence of the Defendants' acts and omissions described herein, Plaintiffs presented notice of their claim to Defendant City, as prescribed by the Texas Tort Claims Act and Federal claims.

## PRAYER

WHEREFORE, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial Plaintiffs have:

1. Assume jurisdiction of this cause;

2. Grant to Plaintiffs a trial by jury herein;

3. Judgment against Defendants for the actual and special damages suffered by Plaintiffs as a result of Defendants' acts and omissions, in an amount in excess of the minimum jurisdictional limits of the Court;

4. Award Plaintiffs the costs of the prosecution of this action;

5. Award Plaintiffs from Defendants, reasonable attorney's fees for the prosecution of this action, pursuant to the provisions of 42 U.S.C. § 1988;

6. Award Plaintiffs exemplary damages;

7. Pre- and post- judgment interest as provided by law; and

8. Such other and further relief to which Plaintiff may be justly entitled.

Petition_Original
Page 8

07/07/2003 13:43 FAX                                                      ☑ 013/017

                                                                JUL 07 '03  01:44PM

Respectfully submitted,

LAW OFFICES OF JERRY J. TREVINO
1125 South Port Avenue
Corpus Christi, Texas 78400S
Telephone: 361/882-5605
Telecopier: 361/882-8355

By: _____
    Jerry J. Trevino
    State Bar No. 20211228

ATTORNEY FOR PLAINTIFFS

PLAINTIFFS HEREBY DEMANDS TRIAL BY JURY

Petition.Original
Page 9

07/07/2003 13:43 FAX                                                    ☑014/017
06/20/2003  11:12  9564253244          BRENDAN HALL         JUL 07 '03 01:44PM
From Melvin L. Hamilin To: Brendan Hall      Date 8/13/01 Time 4:59:10 PM      Page 2 of 5

## LAW OFFICES OF
# JERRY J. TREVIÑO
### PROFESSIONAL CORPORATION
ATTORNEY & COUNSELOR AT LAW
1125 SOUTH POINT AVENUE
CORPUS CHRISTI, TEXAS 78405

(361) 882-8606
FAX (361) 882-8355

August 10, 2001

City of Harlingen
Attn: City Manager Office
118 E. Tyler
Harlingen, Texas 78550

Re:   My Client     :     Jose Javier Reyes
      D/O/I          :     June 17, 2001



Dear City Manager:

This letter is to advise you, that I have been recently retained by Mr. Jose Javier Reyes to represent him regards to an incident on the above mentioned date. This letter also serves as notice of injury and claim for damages under the Texas Tort Claims Act under and Under 42 U.S.C. § 1983.

### I.

The injured party is Jose Javier Reyes who is a resident of Harlingen, Cameron County, Texas.

### II.

The incident giving rise to this claim took place on or about June 17, 2001 in the parking lot of Doc's Sport Pub located at 216 Ed Carey Drive in Harlingen, Cameron County, Texas.

### III.

The incident occurred on June 17, 2001, as my client was leaving the establishment known as Doc's Sport Pub located at 216 Ed Carey in Harlingen, Texas. The client was attacked from behind by a police officer of the City of Harlingen, including hitting him on the back of the left knee causing him to fall and sustain other injuries to his entire body. Furthermore, the officer without probable cause or reasonable suspicion, then placed my client under arrest for the offense of Public Intoxication, and the officer in a negligent manner and use. The handcuffs cause additional injuries to my client's hand, thumb, requiring extensive medical treatment.

06/20/03  FRI 10:42  [TX/RX NO 5399]

07/07/2003 13:43 FAX
06/20/2003  11:12   9564253244              BRENDAN HALL                           ☑015/017
From Marvin L Hutchins To: Brendan Hall              Date 8/13/01 Time: 4:59:16 PM        JUL 07 '03  01:44PM P 5

**IV.**

The claimant injuries for which he is incurring medical expenses have been diagnosis as follows: injury to his hand, and thumb.

**V.**

As a direct and proximate result of acts and omission by the police officer of The City of Harlingen Police Department, Mr. Jose Javier Reyes suffering from serious bodily injury and mental anguish, from which claimant seeks $100,000.00.

**VI.**

All communications and notices relating to this claim should be given to the undersigned counsel.

Very Truly Yours,

Jerry J. Treviño

JJT:ab

TML-WC
JUN 2 0 2003
AUSTIN

07/07/2003 13:44 FAX                                              016/017
06/28/2003  11:12   9564259244            BRENDAN HALL    JUL 07 '03  01:45PM
From: Marvin L. Hamilton To: Brendan Hall     Date: 8/12/01 Time: 4:53:10 PM              Page 4 of 5

# LAW OFFICES
## OF
# JERRY J. TREVIÑO
### PROFESSIONAL CORPORATION
#### ATTORNEY & COUNSELOR AT LAW
1123 SOUTH PORT AVENUE
CORPUS CHRISTI, TEXAS 78405

CORPUS CHRISTI
HARLINGEN

(361) 882-5603
FAX (361) 882-8355



August 10, 2001

City of Harlingen
Attn:  City Manager Office
118 E. Tyler
Harlingen, Texas 78550

Re:    My Client      :      Raymundo Mendieta
       D/O/I          :      June 17, 2001

Dear City Manager:

    This letter is to advise you, that I have been recently retained by Mr. Raymundo Mendieta to represent him regards to an incident on the above mentioned date.  This letter also serves as notice of injury and claim for damages under the Texas Tort Claims Act under and Under 42 U.S.C. § 1983.

### I.

    The injured party is Raymundo Mendieta who is a resident of San Benito, Cameron County, Texas.

### II.

    The incident giving rise to this claim took place on or about June 17, 2001 in the parking lot of Doc's Sport Pub located at 216 Ed Carey Drive in Harlingen, Cameron County,  Texas.

### III.

    The incident occurred on June 17, 2001, as my client was leaving the establishment known as Doc's Sport Pub located at 216 Ed Carey in Harlingen, Texas.  The client was attacked by the Police Department of The City of Harlingen without probable cause.  The officer in arresting my client for public intoxication and disorderly conduct, caused him personal injuries to his hand, wrist, thumb and elbow by the police officer's negligent use and manner in placing my client in handcuffs.

TML-WC
JUN 2 0 2003
AUSTIN

07/07/2003 13:44 FAX

06/28/2003  11:12   9564253244                    BRENDAN MALL                    ☐017/017
From: Marvin L. Mercado  To: Brendan Mall        Date: 5/13/01 Time: 4:59:10 PM    JUL 07 '03  01:45PM P 5

## IV.

The claimant injuries for which he has incurred sustained medical expenses including emergency treatment at Valley Baptist Medical Center have been diagnosis as follows:    injury to his wrist, thumb and elbow.

## V.

As a direct and proximate result of acts and omission by the police officer of The City of Harlingen, Mr. Raymundo Mendieta suffering from serious bodily injury and mental anguish, from which claimant seeks $100,000.00.

## VI.

All communications and notices relating to this claim should be given to the undersigned counsel.

Very Truly Yours,

Jerry V. Treviño

JJT:sb

TML-WC
JUN 2 0 2003
AUSTIN

06/20/03  FRI 10:42  [TX/RX NO 5399]

07/07/2003 13:38 FAX                                                      ☒003/017

JUL 07 '03  01:39PM

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.003.01

No. 2003-06-003093-D

# COPY



T H E   S T A T E   O F   T E X A S

**COPY**

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If
you or your attorney do not file a written answer with the clerk who issued this
citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be
taken against you.

TO: CITY OF HARLINGEN, TEXAS
    SERVING THE CITY MANAGER
    ROY RODRIGUEZ
    118 E. TYLER
    HARLINGEN, TEXAS 78550

the _____ DEFENDANT _____ , GREETING:

        You are commanded to appear by filing a written answer to

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said
county in Brownsville, Texas. Said      PETITION      was filed on
JUNE 17, 2003 . A copy of same accompanies this citation.

The file number of said suit being No. 2003-06-003093-D.

The style of the case is:

            RAYMUNDO MENDIETA AND JOSE REYES
                       VS.
            CITY OF HARLINGEN, TEXAS, ET AL.

Said petition was filed in said court by _____ JERRY J. TREVINO ____
(Attorney for            PLAINTIFF            ), whose address is
1125 SOUTH PORT AVENUE CORPUS CHRISTI, TEXAS  78405

        The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

        The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

        Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the 18th day of ___ JUNE ___ , A.D. 2003.

                            AURORA DE LA GARZA ____ , DISTRICT CLERK
                            Cameron County, Texas
                            474 E. Harrison St.
                            Brownsville, Texas 78521
                    By: _Ray Lopez Jr._____ , Deputy

07/07/2003 13:39 FAX                                                          ☑004/017
06/20/2003  16:54                                                  JUL 07 '03  01:42PM

**ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

NAME OF PREPARER _____ TITLE

ADDRESS _____

CITY _____ STATE _____ ZIP

---

**CERTIFICATE OF DELIVERY OF MAIL**

I hereby certify that on the __19th__ of __JUNE__ __2003__, I mailed to __CITY OF HARLINGEN, TEXAS__

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. __818492__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA__, District Clerk
Cameron County, Texas

By: __Rey Lopez Jr.__, Deputy



FILED _____ 11:00 ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

JUL 1 0 2003

DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ _____ DEPUTY

CAUSE NO. 2003-06-3092-D

| | | |
|---|---|---|
| RAYMUNDO MENDIETA AND | : | IN THE DISTRICT COURT |
| JOSE REYES | : | |
| | : | |
| VS. | : | |
| | : | |
| CITY OF HARLINGEN, TEXAS, JORGE | : | CAMERON COUNTY, TEXAS |
| SALINAS AND OTHER UNKNOWN | : | |
| OFFICERS, INDIVIDUALLY AND IN THEIR | : | |
| OFFICIAL CAPACITY | : | |
| | : | 103RD JUDICIAL DISTRICT |

---

## ORIGINAL ANSWER OF DEFENDANT, CITY OF HARLINGEN, TEXAS

---

TO THE SAID HONORABLE COURT:

COMES NOW **CITY OF HARLINGEN, TEXAS**, hereafter "Harlingen", one of the Defendants in the above styled and numbered cause, and files this its Original Answer in reply to Plaintiffs' Original Petition and in connection therewith would respectfully show unto the Court the following:

I.

### Special Exceptions

A.    This Defendant specially excepts to that portion of Plaintiffs' Original Petition, page 7, entitled "Damages" wherein Plaintiffs allege damages "exceeds the minimum jurisdictional limits of the Court." for the reason that Plaintiffs wholly fail to distinguish between past and future damages and Defendant is entitled to know the contended amounts of each, and this Defendant says that under the Rules of Civil Procedure, upon exception, that Plaintiffs are required to allege with definiteness the amount of damage sough, and having failed to do so, such allegation should be stricken and of this special exception, Defendant prays judgment of the Court.

B.     This Defendant specially excepts to that portion of Plaintiffs' Original Petition, page 8, entitled "Prayer", sub-paragraph 4, wherein Plaintiffs seek damages "in an amount in excess of the minimum jurisdictional limits of the Court;" for the reason that Plaintiffs wholly fail to distinguish between past and future damages and Defendant is entitled to know the contended amounts of each, and this Defendant says that under the Rules of Civil Procedure, upon exception, that Plaintiffs are required to allege with definiteness the amount of damage sough, and having failed to do so, such allegation should be stricken and of this special exception, Defendant prays judgment of the Court.

C.     This Defendant specially excepts to those portions of Plaintiffs' Original Petition wherein Plaintiffs allege "injuries" for the reason that such allegation is a general allegation of injury, vague and indefinite, and does not give fair notice to the Defendant of the contentions to be made by Plaintiffs concerning their injuries, and, therefore, such allegation should be stricken, and of this exception, Defendant prays judgment of the Court.

## II.

### General Denial.

This Defendant denies each and every material allegation in Plaintiffs' petition contained, and says that the same are not true, in whole or in part, and demands strict proof thereof.

## III.

### Information of the Court Only

### Governmental and Sovereign Immunity

Defendant **HARLINGEN** pleads sovereign or governmental immunity as a complete defense to the claims asserted herein.

<u>Governmental Immunity</u>

CITY OF HARLINGEN, TEXAS, pleads applicable provisions of T.C.P.R.C., Sections 101.056 and Section 101.057.

WHEREFORE, PREMISES CONSIDERED, this Defendant prays that upon final hearing hereof that Plaintiffs not recover as prayed for in Plaintiffs' Original Petition, and for such other and further relief, at law or in equity, as it may show itself justly entitled to receive.

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, TX 78551-1429
(956) 428-7495
(956) 428-2954 (fax)

By _____
Tom Lockhart
State Bar No. 12473500
Cameron Co. ID No. 1207

ATTORNEYS FOR DEFENDANT
CITY OF HARLINGEN

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the _____ day of July, 2003.

Mr. Jerry J. Trevino
Attorney at Law
1125 South Port Avenue
Corpus Christi, TX 78405

_____
Tom Lockhart