4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RAYMUNDO MENDIETA, et al | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. B-03-123 |
| | : | |
| CITY OF HARLINGEN, et al. | : | |
| | : | |
| Defendants | | |

**DEFENDANT SALINAS' MOTION TO DISMISS COMPLAINT OF PLAINTIFFS MENDIETA AND REYES BASED ON (1) FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6), or (2) QUALIFIED IMMUNITY**

**Tom A. Lockhart**
State Bar No. 12473500
Federal ID No. 2257
**Roger W. Hughes**
State Bar No. 10229500
Federal ID No. 5950
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone: (956) 428-7495
Facsimile: (956) 428-2954

ATTORNEYS FOR DEFENDANT JORGE SALINAS

## TABLE OF CONTENTS

Page:

TABLE OF CONTENTS . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . iii

I. Status of Case . . . . . . . . . . 1

II. Issues Presented . . . . . . . . . . 1

III. Nature of Allegations by Mendieta and Reyes . . . . . . . . . . 2

IV. Summary of Argument . . . . . . . . . . 3

V. Argument and Authorities . . . . . . . . . . 3

A. Standard of Review for Rule 12(b)(6) Dismissal . . . . . . . . . . 3

B. Individual Defendant Is Entitled to Qualified Immunity Unless Clearly Established Law Would Have Informed Him That his Alleged Actions Were Unconstitutional . . . . . . . . 4

C. Elements of Fourth Amendment False Arrest and Excessive Force Claim . . . . . . . . . . 6

D. Plaintiffs Failed to Allege Specific Facts . . . . . . . . . . 9

E. Plaintiffs' Claims Against Salinas In His Official Capacity Are Barred by Governmental Immunity . . . . . . . . . . 9

F. Plaintiffs' Claims Against Salinas Individually Under State Law Must be Dismissed . . . . . . . . . . 12

CERTIFICATE OF SERVICE . . . . . . . . . . 14

**TABLE OF AUTHORITIES**

Page:

Cites:

*Alton v. Hopgood*, 994 F.Supp. 827 n. 5 (S.D.Tex. 1998)
*aff'd* 168 F.3d 197 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Anderson v. Creighton*, 483 U.S. 635 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Baker v. McCollan*, 443 U.S. 137 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Beasley v. Clark*, 986 S.W.2d 256
(Tex. App.-Houston [1st Dist.] 1998, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Brady v. Ft. Bend County*, 58 F.3d 173
(5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Brinegar v. United States*, 338 U.S. 160 (1949) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Campbell v. City of San Antonio*, 43 F.3d 973
(5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*City of San Antonio v. Dunn*, 796 S.W.2d 258
(Tex. App.–San Antonio 1990, writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Dallas County MH&MR v. Bossley*, 968 S.W.2d 339
(Texas 1998), *cert. denied*, 119 S.Ct. 541 (1998) . . . . . . . . . . . . . . . . . . . . . . . . 12

*Davenport v. Rodriguez*, 147 F.Supp.2d 630
(S.D.Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Duckett v. City of Cedar Park*, 950 F.2d 272
(5th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Duhart v. State*, 610 S.W.2d 740 (Tex.1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Dupre v. Dallas County Hosp. Dist.,* 8 F.Supp.2d 908 (S.D.Tex. 1998) . . . . . 12

*Elliot v. Perez,* 751 F.2d 1472 (5th Cir. 1985) . . . . . 4

*Fields v. City of S. Houston,* 922 F.2d 1183 (5th Cir.1991) . . . . . 7

*Gladden v. Roach,* 864 F.2d 1196 (5th Cir.1989) . . . . . 7

*Gonzalez v. El Paso Hosp. Dist.,* 940 S.W.2d 793 (Tex. App.–El Paso 1997, no writ) . . . . . 13

*Graham v. Connor,* 490 U.S. 396 (1989) . . . . . 5

*Guidry v. Bank of LaPlace,* 954 F.2d 278 (5th Cir. 1992) . . . . . 4

*Gutierrez v. City of San Antonio,* 139 F.3d 441 (5th Cir. 1998) . . . . . 6

*Holland v. City of Houston,* 41 F.Supp. 2d 678 (S.D.Tex. 1999) . . . . . 9, 10, 13

*Hope v. Pelzer,* 536 U.S. 730, 122 S.Ct. 2508 (2002) . . . . . 6

*Hunter v. Bryant,* 502 U.S. 224 (1991) . . . . . 9

*Ikerd v. Blair,* 101 F.3d 430 (5th Cir. 1996) . . . . . 6

*Illinois v. Gates,* 462 U.S. 213 (1983) . . . . . 8

*Kaiser v. Garrett,* 67 F.3d 1166 (5th Cir. 1995) . . . . . 5

*Kellough v. Bertrand,* 22 F.Supp.2d 602 (S.D.Tex. 1998) . . . . . 11

*Kesler v. King,* 29 F.Supp.2d 356 (S.D.Tex.1998) . . . . . 11

*Lowe v. Texas Tech. University*, 540 S.W.2d 297 (Tex.1976) . . . . . 10

*Martin v. Thomas*, 973 F.2d 449 (5th Cir.1992) . . . . . 7

*McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002)(en banc), *cert. denied*, 123 S.Ct. 1335 (2003) . . . . . 5, 6

*Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521 (5th Cir. 1996) . . . . . 3

*Mendenhall v. Riser*, 213 F.3d 226 (5th Cir.2000) . . . . . 8, 9

*Morgan v. City of Waco*, 2002 WL 324298, *3 (N.D.Tex. 2002) . . . . . 9

*Newman v. Obersteller*, 960 S.W.2d 621 (Tex. 1997) . . . . . 12

*Petta v. Rivera*, 143 F.3d 895 (5th Cir. 1998) . . . . . 5

*Pierson v. Ray*, 386 U.S. 547 (1967) . . . . . 8

*Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc) . . . . . 4

*Siegert v. Gilley*, 500 U.S. 226 (1991) . . . . . 5

*Streetman v. Jordan*, 918 F.2d 555 (5th Cir.1990) . . . . . 4

*Townsend v. Memorial Medical Center*, 529 S.W.2d 264 (Tex. App.--Corpus Christi 1975, writ ref'd n.r.e.) . . . . . 11

*United States v. Edwards*, 577 F.2d 883 (5th Cir.1978) (en banc) . . . . . 8

*United States v. Lee*, 962 F.2d 430 (5th Cir.1992) . . . . . 7, 8

*United States v. Levine*, 80 F.3d 129 (5th Cir.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Preston*, 608 F.2d 626 (5th Cir.1979) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Shaw*, 701 F.2d 367
(5th Cir.1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*University of Texas Medical Branch v. York*,
871 S.W.2d 175 (Tex.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Vance v. Nunnery*, 137 F.3d 270 (5th Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Williams v. Bramer*, 180 F.3d 699 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Texas Civil Practice & Remedies Code Annotated:
§101.021 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

§101.022 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

§101.057 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10

§101.057(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

§101.106 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 12

Federal Rules of Civil Procedure:
Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 10

Rule 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Federal Statutes:
42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 5

**DEFENDANT SALINAS' MOTION TO DISMISS COMPLAINT OF PLAINTIFFS MENDIETA AND REYES BASED ON (1) FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6), or (2) QUALIFIED IMMUNITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Defendant Jorge Salinas**, and files this his Motion to Dismiss Complaint of Plaintiffs Mendieta and Reyes based on (1) Failure to State a Claim Under Rule 12(b)(6), or (2) Qualified Immunity, and would respectfully show the Court as follows:

I. Status of Case

Plaintiffs Mendieta and Reyes filed suit in state court against Defendants City of Harlingen ("City") and Salinas under (1) 42 U.S.C. § 1983 for arrest without probable cause and excessive force during arrest, and (2) state law torts for false arrest, assault, and negligence. The City removed the case to federal court (Dkt # 1).

Defendant Salinas moves to dismiss their complaints against him for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or for qualified immunity. Alternatively, Defendants ask the Court that Plaintiffs file a reply to the defense of qualified immunity under Rule 7.

II. Issues Presented

1. Whether Plaintiffs have specifically alleged facts showing (1) a claim for arrest without probable cause and (2) a reasonable officer in the same situation would know that he lacked probable cause.

2. Whether Plaintiffs have specifically alleged facts showing (1) a claim for use of excessive force during arrest and (2) a reasonable officer in the same situation would know that the force was excessive.

4. Whether the state law claims against Officer Salinas in his official capacity are barred by governmental immunity. If so, whether Plaintiffs have alleged any basis for waiver of immunity that is not excluded by Texas Civil Practice and Remedies Code section 101.057.

5. Whether Plaintiffs state law tort claims against Officer Salinas individually are barred by Texas Civil Practice and Remedies Code section 101.106.

III. Nature of Allegations by Mendieta and Reyes

Plaintiffs allege generally that June 17, 2001, while leaving "Doc's" (a local sports bar), City police officers detained, assaulted, and arrested them without probable cause; they allege these officers "included but not limited to" Defendant Salinas. Petition, p. 3. They allege that officers used excessive force by pushing and striking them, causing unspecified physical injuries. Petition, pp. 3-4. They allege that during these events the officers negligently used handcuffs causing them injury to their wrists and hands. Petition, pp. 4, 7. They allege they were unarmed and posed no threat of bodily harm to "Defendants or any other citizens." Petition, p. 6.

For their federal claims, Plaintiffs allege that Defendant Salinas and other officers intentionally or recklessly caused them severe bodily injury, using force that was clearly

excessive at the time. Petition, p. 6. Against Defendant Salinas and other officers they allege state law claims of assault, battery, intentional infliction of severe emotional distress. Petition, p. 7.

## IV. Summary of Argument

Defendant Salinas moves to dismiss the federal claims based on (1) failure to state a claim, and (2) qualified immunity; alternatively they should be directed to replead. Their vague pleadings do not specifically attribute any wrongdoing to him; the court should exercise its discretion to direct repleading.

He moves to dismiss the state law claims against him in his official capacity because they are excluded by the governmental immunity and immunity is not waived under the Texas Tort Claims Act ("TTCA"); the state law claims against him individually must be dismissed under TTCA section 101.106.

## V. Argument and Authorities

### A. Standard of Review for Rule 12(b)(6) Dismissal

Under Rule 12(b)(6), the Court must accept the allegations as true and must review them in the light most favorable to the Plaintiff, drawing all reasonable inferences in favor of the pleader. *Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996). Dismissal under Rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that can be proven consistent with the allegations. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996). However, the complaint must state facts, not conclusions, to

survive a Rule 12(b)(6) challenge. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Plaintiff has a heightened burden to plead specific facts defeating Defendants' qualified immunity from § 1983 claims. *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995) (en banc). The complaint must state facts defeating qualified immunity, not mere legal conclusions. *Schultea*, 47 F.3d at 1433. The heightened pleading requirement mandates that a plaintiff suing an officer in her individual capacity for constitutional violations state with "factual detail and particularity the basis of his claim ...." *Elliot v. Perez*, 751 F.2d 1472, 1473 (5th Cir. 1985). "Mere conclusory allegations and bold assertions are insufficient to meet this heightened pleading requirement." *Streetman v. Jordan*, 918 F.2d 555, 557 (5th Cir.1990) (citing with approval, *Elliot,* 751 F.2d at 1482), particularly when greater detail might assist the court. *Schultea,* 47 F.3d at 1433.

The court may order Plaintiff to file a reply under FED.R.CIV.PR. 7 that states specific facts that defeat the qualified immunity defense raised by Defendants' answer. *Schultea*, 47 F.3d at 1434. Vindicating the qualified immunity doctrine ordinarily will require a Rule 7 reply

**B.   Individual Defendant Is Entitled to Qualified Immunity Unless Clearly Established Law Would Have Informed Him That his Alleged Actions Were Unconstitutional**

Qualified immunity protects a public official from claims under 42 USC § 1983 if a reasonably prudent official would not know the actions violated clearly established

constitutional law. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). The official will have qualified immunity if the conduct was objectively reasonable under the existing federal law. *McClendon v. City of Columbia,* 305 F.3d 314, 327 (5th Cir. 2002)(en banc), *cert. denied,* 123 S.Ct. 1335 (2003).

The U.S. Supreme Court has set out a clear, two step process to determine whether the complaint can defeat qualified immunity. Once the defense of qualified immunity is alleged, the trial judge must first determine whether the plaintiff has alleged a constitutional violation at all. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Petta v. Rivera*, 143 F.3d 895, 899 (5th Cir. 1998). The court must then determine whether defendant's actions violated "clearly established" constitutional law at the time of the conduct and whether the defendant's actions were objectively reasonable. *Siegert*, 500 U.S. at 231; *Petta*, 143 F.3d at 899-900.

42 USC § 1983 is not itself a source of substantive rights. *Graham v. Connor*, 490 U.S. 396, 393 (1989). The first inquiry is to isolate the precise provision of the federal Constitution that is allegedly infringed. *Graham*, 490 U.S. at 394. Here, Plaintiffs allege only one provision: the 4th Amendment.

For constitutional law to be "clearly established," plaintiff must prove more than the broad contours of established rights or broad legal truisms. *Kaiser v. Garrett*, 67 F.3d 1166, 1170 (5th Cir. 1995). The contours of the constitutional right must be defined well enough so that the official would know, given the information known to him at the time of taking action, that his acts violated established constitutional rights in the light of pre-existing law.

*McClendon,* 305 F.3d at 331; *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998). The standard is whether the state of the law at the time of conduct gave the public official fair notice that the alleged conduct was unconstitutional. *Hope v. Pelzer,* 536 U.S. 730, 122 S.Ct. 2508, 2515-16, (2002); *McClendon,* 305 F.3d at 329.

To determine what law was "clearly established," the Court should consult U.S. Supreme Court and Fifth Circuit precedent. *Brady v. Ft. Bend County*, 58 F.3d 173, 175-76 (5th Cir. 1995); *Alton v. Hopgood*, 994 F.Supp. 827, 835, n. 5 (S.D.Tex. 1998) *aff'd* 168 F.3d 197 (5th Cir. 1999). In some cases, the court may then look to whether a consensus exists in sister circuits. *McClendon,* 305 F.3d at 329. If reasonable officials could disagree, the officer has qualified immunity. *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995). Even if some consensus exists that a right exists, its application must be identified with obvious clarity to the conduct involved the case at hand. *McClendon,* 305 F.3d at 332-33.

**C. Elements of Fourth Amendment False Arrest and Excessive Force Claim**

A claim for excessive force in violation of the Constitution requires (1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999). The amount of force that is constitutionally permissible must be judged by the context in which that force is deployed. *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996).

An individual has a clearly established right to be free from unlawful arrest. See *Duckett v. City of Cedar Park*, 950 F.2d 272, 278 (5th Cir.1992). An arrest or detention may be unlawful if it is accomplished without due process of law as required by the United States Constitution. See *Baker v. McCollan*, 443 U.S. 137, 144-45 (1979). Police officers are thus required under the Fourth Amendment to make a determination of probable cause before performing a custodial arrest. *See Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir.1992); *Fields v. City of S. Houston*, 922 F.2d 1183, 1189 (5th Cir.1991). An officer has probable cause to arrest if, at the time of the arrest, he had knowledge that would warrant a prudent person's belief that the person arrested had already committed or was committing a crime. See *Gladden v. Roach*, 864 F.2d 1196, 1199 (5th Cir.1989).

"Probable cause to arrest exists 'where "the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed." *United States v. Lee*, 962 F.2d 430, 435 (5th Cir.1992) (quoting *United States v. Preston*, 608 F.2d 626, 632 (5th Cir.1979)). "Probable cause must be judged not with the logic of cold steel, but with a common sense view to the realities of everyday life." Id. at 435 (quoting *Brinegar v. United States*, 338 U.S. 160, 175 (1949)). "The existence of probable cause is not determined by reference to a precise formula. Instead, probable cause is present 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable

person to conclude that the suspect had committed or was committing an offense." ' *Vance v. Nunnery*, 137 F.3d 270, 276 (5th Cir.1998) (quoting *United States v. Levine*, 80 F.3d 129, 132 (5th Cir.1996)). The court is to examine the totality of the circumstances to determine whether probable cause existed. *Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir.2000). "'[P]robable cause is a fluid concept--turning on the assessment of probabilities in particular factual contexts--not readily, or even usefully, reduced to a neat set of legal rules." ' *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983)). "[A] peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved." *Pierson v. Ray*, 386 U.S. 547, 555 (1967). "It is not necessary that the arresting officer himself have personal knowledge of all of the facts." *Lee*, 962 F.2d at 435. Rather, "probable cause can rest upon the collective knowledge of the police ... when there is some degree of communication between [them]." *Id.* (citation and internal quotation marks omitted). "[P]robable cause is the 'sum total of layers of information and the synthesis of what police have heard, what they know, and what they observed as trained officers." ' *United States v. Shaw*, 701 F.2d 367, 376 (5th Cir.1983) (quoting *United States v. Edwards*, 577 F.2d 883, 895 (5th Cir.1978) (en banc)). Probable cause is not to be determined by weighing "[e]ach individual layer of information" but by considering "the 'laminated total' of the facts available[.]" *Id*. "Whether [an] arrest [is] constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it--whether at that moment the facts and circumstance within their knowledge and of which

they had reasonable trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Mendenhall*, 213 F.3d at 231 (emphasis deleted) (quoting *Hunter v. Bryant*, 502 U.S. 224, 228 (1991)).

**D. Plaintiffs Failed to Allege Specific Facts**

Plaintiffs' failing is that they allege no specific facts at all, they do not attribute any specific actions to any officer, and they speak of the acts of "defendants" broadly. On these allegation, Officer Salinas cannot know how Plaintiffs claim he was involved, how he lacked probably cause, whether he applied any excessive force, etc. Until Plaintiffs make specific allegations against him he can not know they have even stated a claim against him.

*Compare Morgan v. City of Waco,* 2002 WL 324298, *3 (N.D.Tex. 2002) [unpublished]. There, plaintiff sued various police officers under section 1983 for arrest and prosecution without probable cause in violation of the Fourth Amendment. *Id.* at *1. He alleged that he was arrested without probable cause by three officers and that each acted without malice. *Id.* at *3. The district court adopted the magistrate's findings that these allegations were too conclusory and ordered plaintiff to replead entirely. *Id.* at *1, 3.

**E. Plaintiffs' Claims Against Salinas In His Official Capacity Are Barred by Governmental Immunity**

Because "official capacity" claims against the officer are really claims against the agency, governmental immunity applies to bar "official capacity" claims under state law. *Holland v. City of Houston,* 41 F.Supp. 2d 678, 716 (S.D.Tex. 1999). Under Texas law,

claims against the official in his *individual* capacity are subject to the defense of "official immunity", but not the defense of sovereign immunity. *Holland,* 42 F.Supp.2d at 716. In essence, the *official capacity* claim is against the governmental unit, i.e., the City.

Plaintiffs fail to allege any state law claims for which governmental immunity is waived by the TTCA. The only specific state law torts they allege that involve Officer Salinas are false arrest, assault and intentional infliction of emotional distress. Petition, p. 7. The TTCA does not waive immunity for intentional torts.[1] Their vague reference to negligent use of handcuffs does not come with the TTCA waiver, for they do not allege injury resulted from *Salinas*' use or condition of tangible property.[2] The failure to allege state law claims coming within the TTCA waiver can be addressed under Rule 12(b)(6). *See e.g., Davenport v. Rodriguez,* 147 F.Supp.2d 630, 641 (S.D.Tex. 2001).

A governmental unit cannot be held liable for causes of action brought under Texas common law unless the Texas Legislature has expressly waived that city's governmental immunity. *See University of Texas Medical Branch v. York,* 871 S.W.2d 175, 177 (Tex.1994). This immunity has only been waived as to claims brought pursuant to the TTCA. *See Lowe v. Texas Tech. University,* 540 S.W.2d 297, 298-99 (Tex.1976). Thus, Plaintiffs' common-law causes of action against the City [i.e., Salinas in his official capacity]

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. §101.057 (Vernon 1997).

[2] TEX. CIV. PRAC. & REM. CODE ANN. §101.021 (Vernon 1997).

are not legally cognizable unless they are clearly waived by the TTCA. *See York,* 871 S.W.2d at 177; *Duhart v. State,* 610 S.W.2d 740, 742 (Tex.1980).

The TTCA provides that there is no waiver of immunity for any claims "arising out of assault, battery, false imprisonment, or any intentional tort ...." TEX. CIV. PRAC. & REM.CODE ANN. §101.057(2) (Vernon 1997). A review of Plaintiff's Complaint reveals that their intentional tort allegations (false arrest, false imprisonment) are not waived by the TTCA. Therefore, this claim is absolutely barred by sovereign immunity. *See Rodriguez,* 147 F.Supp.2d at 641 (intentional infliction of emotional distress); *Kellough v. Bertrand,* 22 F.Supp.2d 602, 612 (S.D.Tex. 1998)(false arrest and excessive force); *City of San Antonio v. Dunn,* 796 S.W.2d 258, 261 (Tex. App.–San Antonio 1990, writ denied) (false arrest and excessive force); *Townsend v. Memorial Medical Center,* 529 S.W.2d 264, 266-67 (Tex. App.--Corpus Christi 1975, writ ref'd n.r.e.). Simply adding the term "negligence" will not change the result, when the negligent conduct is the intentional tort. *Rodriguez*, 147 F.Supp.2d at 641.

Moreover, the TTCA waives the City's immunity only for two types of claims: (1) claims arising from the operation or use of motor-driven vehicles or equipment; and (2) claims caused by a condition or use of tangible personal or real property. TEX. CIV. PRAC. & REM. CODE ANN. §§101.021, 101.022 (Vernon 1997); *Kesler v. King,* 29 F.Supp.2d 356, 375 (S.D.Tex.1998). In order to hold a governmental unit liable under the TTCA, the plaintiffs' injuries must have been proximately caused by the operation or use of a

motor-driven vehicle or motor-driven equipment or by a condition or use of tangible real or personal property. *See Dallas County MH&MR v. Bossley,* 968 S.W.2d 339, 342 (Texas 1998), *cert. denied*, 525 U.S. 1017 (1998); *Dupre v. Dallas County Hosp. Dist.,* 8 F.Supp.2d 908, 927 (S.D.Tex. 1998).

Plaintiffs allege negligence generally in the use of handcuffs. They do not specifically alleged that such "negligent" acts were separate from the alleged excessive force. They do no specifically allege Officer Salinas used or applied the handcuffs. Therefore, they have not alleged a waiver of immunity for the claims against Salinas in his official capacity.

**F. Plaintiffs' Claims Against Salinas Individually Under State Law Must be Dismissed**

Texas Civil Practices & Remedies Code section 101.106 provides that a judgment in an action against the City has any suit over the same subject matter against its employees.[3] Section 101.106 is triggered by any judgment, even a judgment in favor of the City. *Bossley,* 968 S.W.2d at 343-44.

Section 101.106 provides that *any* action against the official is barred, and therefore gives the officer immunity from suit. *Newman v. Obersteller,* 960 S.W.2d 621, 623 (Tex. 1997). Therefore, when the governmental agency is dismissed, section 101.106 bars

---

[3/] § 101.106 provides:

"A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim."

"individual capacity" claims against the official. *Beasley v. Clark,* 986 S.W.2d 256, 257 (Tex. App.-Houston [1st Dist.] 1998, no pet.); *Holland*, 41 F.Supp.2d at 717-18.

At some point, there will be a disposition of the claims against the City and Officer Cruz in his official capacity. Therefore, the state law claims against him individually are superfluous. The state law claims against him individually must eventually be dismissed, whether or not Plaintiffs prevails against the City. *See, e.g., Gonzalez v. El Paso Hosp. Dist.,* 940 S.W.2d 793, 795 (Tex. App.–El Paso 1997, no writ). For that reason, there is no point keeping them in the suit.

WHEREFORE, PREMISES CONSIDERED, Defendant Salinas prays that upon submission of this motion, the Court dismiss the complaints of Plaintiffs Mendieta and Reyes, or require that they make further reply under Federal Rule of Civil Procedure 7, for such other and further relief to which he may show himself entitled.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone: 956/428-7495
Facsimile: 956/428-2954

By:____________________
TOM LOCKHART
State Bar No. 12473500
Fed. I.D. No. 2257
ROGER W. HUGHES
State Bar No. 10229500

Fed. I.D. No. 5950

Attorneys for Defendants CITY OF HARLINGEN AND JORGE SALINAS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 18th day of July 2003, to the following counsel of record and interested parties:

---

Attorney for Plaintiffs, Raymundo Mendieta and Jose Reyes :

Mr. Jerry J. Trevino *CM/RRR 7002 2410 0002 3598 0805*
**LAW OFFICES OF JERRY J. TREVINO, P.C.**
1125 South Port Avenue
Corpus Christi, TX 78405

TOM LOCKHART